The Honorable Bruce Holland State Senator Post Office Box 2387 Greenwood, Arkansas 72936
Dear Senator Holland:
You have requested my opinion regarding A.C.A. § 14-43-311 (Repl. 1998), which provides for the redistricting of city wards to equalize population. Your request is made on behalf of the City Attorney of the City of Greenwood, who perceives potentially internally conflicting provisions in Section 14-43-311. By way of background information, the City Attorney reports that the City of Greenwood recently redistricted its three wards to modify the boundary lines and that "[t]he redistricting did not effect [sic] any of the sitting six council members as they continue to reside in the same ward they were elected from."[1] I have been asked to construe Section 14-43-311, and particularly subsections (b) and (c). It will be helpful in addressing the issue to first summarize the statutory language in question.
Subsection (a) of Section 14-43-311 requires redistricting of wards "to best serve the interest of the people" in cities of the first class with the aldermanic form of *Page 2 
government.[2] The city council can redistrict the wards by adding, combining, or changing ward boundaries.[3] Subsection (b) requires the election of aldermen "from each of the new wards" following redistricting. Subsection (c) provides that "[a]ll aldermen elected in the city prior to the redistricting of the wards shall give up the positions to the new aldermen" and that "the terms of office of all previously elected aldermen shall cease and terminate."[4] As explained by the City Attorney, this would seem to indicate that all six Greenwood council members will be up for election in November, 2012, with those elected to positions with two years remaining on the term being subject to election again in 2014.
The perceived conflict arises from subsection (c)(2) of Section 14-43-311, which states:
 (A) It shall be lawful to increase the number of wards or continue the same number of wards without affecting the terms of office of incumbent aldermen of the city.
 (B)(i) When the wards are reapportioned so as to increase the number of wards or readjust existing wards so that such wards contain nearly equal population, the aldermen who remain in their old ward, or part thereof, shall continue in office.
 (ii) New aldermen shall be elected only for new wards actually formed out of the territory of old wards.
It is suggested that this is in direct conflict with subsections (b) and (c)(1), discussed above, because the latter subsections provide that all previously-elected aldermen must give up their positions, whereas subsection (c) indicates that incumbents do not have to run.
In my opinion, there is no conflict between these provisions. Pursuant to subsection (c)(2)B)(i), redistricting does not affect the terms of those "who remain in their old ward, or part thereof." I believe the quoted language refers to incumbents who continue to meet the residency requirement following *Page 3 
reapportionment.[5] An exception to subsection (b)'s mandate that new aldermen be elected "from each of the new wards" is therefore created to address the situation where ward boundaries are redrawn in such a way that redistricting does not result in incumbent aldermen being removed from their current wards. One of my predecessors addressed this situation and concluded that under those facts, "the term of office of the aldermen who would normally not be up for reelection will not be affected. . . ."[6]
Any remaining doubt as to a possible internal conflict is dispelled by section 14-43-311's legislative history.[7] The language of subsection (c)(2) derives from Section 1 ofAct 600 of 1973, which is entitled "An Act to . . . Provide for the Reapportionment of Ward Boundaries and the Election of New Aldermen and to Permit Incumbent Aldermen Who Remain in Their Old Ward orPart Thereof to Remain in Office. . . ." (Emphasis added). The 1973 act included the prefatory words "Provided however" in the sentence that is now codified as subsection 14-43-311(c)(2)(A). It is clear from this uncodified prefatory language that subsection (c)(2) is an exception to subsection (c)(1)(B)'s mandate that "the terms of office of all previously elected aldermen shall cease and terminate." The purpose of subsection (c)(2) is plainly stated, moreover, in Section 3 of Act 600 of 1973:
 It is hereby found and declared . . . that some confusion exists concerning the election of aldermen and when incumbent aldermen continue in office when ward boundaries are reapportioned; that clarification is necessary to assure that incumbent aldermen who are not up for reelection will not have to run for office when such reapportionment permits such aldermen to remain in their old ward or part thereof. . . .
(Emphasis added). *Page 4 
I believe this resolves any doubt about a possible conflict between A.C.A. § 14-43-311 (c)(2) and A.C.A. § 14-43-311(b) and (c)(1). There is no conflict, in my opinion, because subsection (c)(2) was enacted to address the factual scenario where ward boundaries are redrawn in such a way that redistricting does not result in incumbent aldermen being removed from their current wards.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Letter from Michael Hamby to Sen. Bruce Holland (September 19, 2011). Mr. Hamby explains that the City of Greenwood has three wards, each of which is represented by two members who reside in the ward. He further reports that members of the Greenwood City Council serve staggered four-year terms, so that three members are up for election every two years; and that three members will be up for election in November, 2012. His statement regarding the six members' continued residency in their wards following redistricting stems from the requirement that aldermen must continue to reside in the wards from which they were elected: "If any duly elected alderman shall cease to reside in the ward from which he was elected, that person shall be disqualified to hold the office and a vacancy shall exist which shall be filled as prescribed by law." A.C.A. § 14-43-310 (Repl. 1998).
[2] A.C.A. § 14-43-311(a)(1)(B). See Moorman v. Lynch,310 Ark. 525, 837 S.W.2d 886 (1992).
[3] A.C.A. § 14-43-311(a)(1)(A).
[4] Id. at (c)(1)(A) (B).
[5] See n. 1, supra, regarding the residency requirement.
[6] Op. Att'y Gen. 97-052. As the City Attorney has noted, this opinion does not mention A.C.A. § 14-43-311(b) and (c)(1). But those subsections were not controlling under the stated facts: "When the boundary lines are redrawn each alderman will continue to live in the same ward; that is, you have indicated that the redistricting will not result in any alderman being removed from his or her current ward." Op. 97-052 at 1.
[7] A statute's legislative history is an appropriate guide to legislative intent in the case of uncertainty or ambiguity.Ward v. Doss, 361 Ark. 153, 205 S.W.3d 767 (2005).

 *Page 1